IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ARVEN MALCOM, JR., Plaintiff, | ) | 4:04CV3100 |
| vs. | ) | MEMORANDUM AND ORDER |
| CHARLES A. WOOLDRIDGE, et al., Defendants. | ) | |

This matter is before the court on the following pending motions:

1. Filing no. 144, the Motion to Alter or Amend Judgment / Motion for Reconsideration or Motion for Authorization to File a Second Amended Complaint filed by the plaintiff, Arven Malcom, Jr.;

2. Filing no. 148, the Second Motion for Summary Judgment / Motion for Judgment on the Pleadings filed by defendants-Dawson County Deputy Sheriffs Mark Montgomery and Bradley Christner;

3. Filing nos. 158 and 165, the Motions for Protective Order filed by defendants-Montgomery and Christner;

4. Filing no. 171, the plaintiff's Motion to Strike Amended Answer of defendants -Wooldridge, Dallman and White;

5. Filing no. 179, the plaintiff's Motion to Stay;

6. Filing no. 182, the plaintiff's Motion for Hearing on Motion to Strike.

**Background**

In his Amended Complaint (filing no. 14), the plaintiff, Arven Malcom, Jr., a prisoner, asserts claims pursuant to 42 U.S.C. §§ 1983, 1985(3) and 1986, for damages from a variety of persons who allegedly conspired to deprive the plaintiff of his civil rights in connection with an arrest, conviction in the County Court of Dawson County, Nebraska

(Case No. 91-726) for third degree sexual assault of Scott Gibson, a minor, and a subsequent revocation of probation. On or about July 13, 1992, the County Court of Dawson County, Nebraska entered a judgment against the plaintiff in Case No. 91-726 on a charge of third degree sexual assault. The plaintiff received a sentence of two years' probation.

Ultimately, in April and May of 2003, the plaintiff prevailed in postconviction proceedings, resulting in a dismissal of Case No. 91-726. On postconviction review, the appellate court determined that during the plea hearing in Case No. 91-726, the plaintiff had never actually entered a plea, notwithstanding that the trial court believed the plaintiff had pled no contest to the charge of third degree sexual assault on July 13, 1992.

In the plaintiff's view, although no court vacated the judgment of conviction until the postconviction action in 2003, the officials who participated in the efforts during 1993-94 to revoke the plaintiff's probation knew or should have known that the original 1992 conviction and sentence were void. Thus, those persons violated the plaintiff's civil rights by their roles in the revocation proceedings.

**Memorandum and Order of March 21, 2005 (filing no. 143)**

When this matter previously came before me on various motions by the parties, I dismissed certain parties and claims in a Memorandum and Order filed on March 21, 2005 (filing no. 143). In that decision, I held as follows:

1. Parties: Defendants-Judge Donald E. Rowlands, II, Judge Kent E. Florom, Judge Lloyd G. Kaufman, Clerk-Magistrate Lois Bliven, County Attorney John H. Marsh, Deputy County Attorney J. Burke Smith, Deputy County Attorney Michael F. Maloney, attorneys Leonard P. Vyhnalek, Kurt R. McBride, Elizabeth F. Waterman and P. Stephen

Potter, and Dawson County, Nebraska were dismissed from this litigation, because of their immunity from suit or because the plaintiff had failed to state a claim on which relief could be granted as to them.

2. Official Capacity Parties: The plaintiff's federal claims against the remaining defendants: Reg Dallman, Colleen J. White, Charles A. Wooldridge, Bradley Christner and Mark Montgomery, in their ***official*** capacity (but not in their individual capacity), also were dismissed.

3. Claims: In addition, I dismissed the plaintiff's claims of conspiracy founded on 42 U.S.C. §§ 1985 and 1986 against all defendants, as well as the plaintiff's claims of malicious prosecution and false imprisonment founded on 42 U.S.C. § 1983 against all defendants, and all of the plaintiff's claims of cruel and unusual punishment.

As to all parties dismissed from this litigation, the claims against those parties based on federal law were dismissed with prejudice, while the claims based on state law were dismissed without prejudice. The claims arising under state law against terminated parties were dismissed without prejudice because, pursuant to 28 U.S.C. § 1367(c)(3), I declined to exercise supplemental jurisdiction over state-law claims after dismissal of the claims over which the court had original jurisdiction.

**Motion to Alter, Amend or Reconsider**

In filing no. 144, the plaintiff asks the court to alter, amend or reconsider various aspects of my Memorandum and Order of March 21, 2005 (filing no. 143). The plaintiff focuses in large part on his Fourteenth Cause of Action, entitled "Invasion of Privacy, Section 1983." According to the plaintiff, as a result of my Memorandum and Order, defendants-Dawson County Deputy Sheriffs Montgomery and Christner, Court Reporter

White, Probation Officer Dallman, and therapist Wooldridge, in their individual capacity, will be exposed to liability for invasion of the plaintiff's privacy, although the plaintiff did not name those parties as defendants in his Fourteenth Cause of Action. Instead, the plaintiff sued Dawson County Attorney Waterman, Deputy County Attorney McBride and Clerk-Magistrate Bliven in his Fourteenth Cause of Action for their "concerted act of causing to be published in the Tri-City-Tribune, libelous words with intent to cause readers of said newspaper to erroneously believe that the plaintiff was (again) allegedly convicted of third degree sexual assault" (filing no. 14 at 51).

The plaintiff's motion raises an issue which I believed I had resolved in filing no. 143, but I will now clarify. The plaintiff's Fourteenth Cause of Action does not state a claim on which relief may be granted under federal law against *any* defendant. Claims based on injury to reputation, even if inflicted by a government official, do not result in a deprivation of any "liberty" or "property" protected by the Fourteenth Amendment. See Siegert v. Gilley, 500 U.S. 226, 233-34 (1991); Paul v. Davis, 424 U.S. 693, 712 (1976). Therefore, damage flowing from an injury to one's reputation "may be recoverable under state tort law but it is not recoverable in a [federal civil rights] action." Siegert v. Gilley, 500 U.S. at 234.

In addition, a criminal record is not within the kind of highly personal confidential information which the constitutionally-rooted right to privacy protects. Eagle v. Morgan, 88 F.3d 620, 625-27 (8th Cir. 1996). See also Nilson v. Layton City, 45 F.3d 369, 372 (10th Cir. 1995): "Information readily available to the public is not protected by the constitutional right to privacy. Consequently, government disclosures of arrest records ... judicial proceedings, ... and information contained in police reports ... do not implicate the right to privacy .... Criminal activity is thus not protected by the right to privacy .... [I]nformation

concerning unlawful activity 'is not encompassed by any right of confidentiality, and therefore it may be communicated to the news media.'" Nilson v. Layton City, 45 F.3d 369, 372 (10th Cir. 1995) (citations omitted). "It is irrelevant to a constitutional privacy analysis whether [the disclosed] allegations are true or false" if the disclosed information itself does not warrant constitutional protection. Stidham v. Peace Officer Standards & Training, 265 F.3d 1144, 1155 (10th Cir. 2001), citing Nilson v. Layton City, 45 F.3d at 372.

Thus, the plaintiff has not stated a claim under federal law on which relief may be granted in his Fourteenth Cause of Action, "Invasion of Privacy, Section 1983." On reconsideration of filing no. 143, the plaintiff's Fourteenth Cause of Action is dismissed.[1] In all other respects, I find no basis on which to alter, amend or reconsider my Memorandum and Order of March 21, 2005 (filing no. 143).

**Second Motion for Summary Judgment / Judgment on the Pleadings**

In filing no. 148, Dawson County Deputy Sheriffs Mark Montgomery and Bradley Christner have filed a second motion for summary judgment or judgment on the pleadings, clarifying and reiterating their reasons why the plaintiff's claims against them should be dismissed. The defendants point out that in my Memorandum and Order of March 21,

[1] I have also reviewed the plaintiff's claim against Colleen White, the court reporter who is the subject of ¶¶ 84 and 85 of the Amended Complaint. The claim against White concerns her failure to transcribe a pretrial hearing. When the plaintiff requested a transcript of a pretrial proceeding which occurred on or about July 8, 1992, the reporter informed him that she did not report any such hearing and that she had no notes for such an event. Although absolute immunity is not extended to a court reporter who fails to provide a litigant with a transcript of a reported event, Antoine v. Byers & Anderson, Inc., 508 U.S. 429 (1993), a court reporter may be entitled to qualified immunity, particularly if instructed by the presiding judge that a particular minor hearing, conference or scheduling matter need not be reported. Thus, the viability of the plaintiff's claim against Colleen White is questionable, and a decision on that matter will await a proper motion upon a more developed factual record.

2005, I considered only the adequacy of the plaintiff's pleadings against Montgomery and Christner, without considering affirmative defenses.

The plaintiff objects to filing no. 148 as foreclosed by my prior Memorandum and Order. The plaintiff urges that the defendants, having failed to file a motion to alter, amend or reconsider that decision, should not be permitted to disturb that ruling through a second summary judgment motion. However, the "law of the case" doctrine, which prohibits the relitigation of a settled issue in a case and requires courts to adhere to a decision made in an earlier proceeding, applies to a decision rendered *on appeal*. Mosley v. City of Northwoods, 415 F.3d 908, 911 (8th Cir. 2005). The "law of the case" doctrine requires such an appellate decision to be followed in any subsequent proceedings, with limited exceptions. Id. However, the doctrine does not preclude a second motion for summary judgment in the district court before a case has ever reached an appellate court. Id. A district court is free to reconsider its earlier rulings at any time before entry of final judgment. Id.

The plaintiff's claims against the Deputy Sheriffs arise out of the following events:

1. On July 9, 1993, defendants-Montgomery and Christner reported information to County Attorney Marsh on the basis of which Marsh filed a complaint against the plaintiff of first degree sexual assault.

2. On September 29, 1993, Montgomery and Christner reported information to County Attorney Marsh on the basis of which Marsh filed an Affidavit of Probation Violation against the plaintiff and sought a warrant for the plaintiff's arrest.

3. On October 1, 1993, at approximately 1:00 a.m., the defendants arrested the plaintiff in his home for violation of probation; they did not have with them the warrant which

had previously issued for the plaintiff's arrest, and the warrant did not authorize a nighttime seizure. Also, the plaintiff contends that the deputies lacked probable cause to arrest him because the revocation proceedings were invalid, as his original conviction and sentence of probation for sexual assault were void (although not as yet vacated by a court).

4. On November 15, 1993, the defendants testified at a probable cause hearing in support of the prosecutor's efforts to revoke the plaintiff's probation.

**Witness Immunity**

Insofar as the defendants acted as witnesses in the judicial proceedings against the plaintiff, they may not be sued under the civil rights laws for their statements as witnesses, even for false testimony. See, e.g., Briscoe v. LaHue, 460 U.S. 325, 329-33 (1983) (witnesses are protected from suit by absolute immunity). See also Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1282 (11th Cir. 2002): "[A] witness's absolute immunity from liability for testifying forecloses any use of that testimony as evidence of the witness's membership in a conspiracy prior to his taking the stand."

**Statute of Limitations**

Furthermore, as the defendants point out in filing no. 148, the applicable statute of limitations had expired before the plaintiff brought his civil rights claims based on actions by Montgomery and Christner during 1993-94. As 42 U.S.C. § 1983 does not contain a statute of limitations, the United States Supreme Court has ruled that the limitations period for a claim arising under § 1983 is the general statute of limitations applicable to personal injury actions under the law of the state where the claim accrued. Owens v. Okure, 488 U.S. 235, 249-50 (1989); Wilson v. Garcia, 471 U.S. 261, 276 (1985). In Nebraska, that statute is the four-year personal injury statute of limitations contained in Neb. Rev. Stat.

§ 25-207. Bridgeman v. Nebraska State Pen, 849 F.2d 1076, 1077 (8th Cir. 1988) (*per curiam*).

Just as the applicable state statute of limitations is "borrowed" for § 1983 claims, so are the state's tolling rules. See, e.g., Hardin v. Straub, 490 U.S. 536, 540 (1989); Board of Regents v. Tomanio, 446 U.S. 478, 485-86 (1980). See also Bridgeman v. Nebraska State Pen, 849 F.2d at 1078 ("[t]he use of a state's statute of limitations also requires the use of its tolling statutes and the operation thereof is governed by state law"). Nebraska's tolling statute, Neb. Rev. Stat. § 25-213, tolls the statute of limitations for the period of certain legal disabilities, such as imprisonment. However, the Nebraska courts have interpreted § 25-213 to mean that imprisonment does not by itself toll the limitations period; rather some disability traceable to imprisonment is also required. See, e.g., Gordon v. Connell, 545 N.W.2d 722, 726 (Neb. 1996): "[T]his court has previously held that a showing of a recognizable legal disability, separate from the mere fact of imprisonment, which prevents a person from protecting his or her rights is required to entitle a prisoner to have the statute of limitations tolled during imprisonment."

The plaintiff points to the bar of Heck v. Humphrey, 512 U.S. 477 (1994) ("Heck"),[2] as the additional legal disability traceable to his imprisonment which, under Neb. Rev. Stat. § 25-213, tolled the statute of limitations. The rule established by Heck is that if success

[2]See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (An action under 42 U.S.C. § 1983 which would call into question the lawfulness of a plaintiff's confinement is not cognizable until after the judgment has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."). Absent such a favorable disposition of the conviction, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his continued confinement while he is serving a sentence for the conviction under attack.

on the merits of a civil rights claim would implicate the validity of the plaintiff's conviction or of his *continued* confinement, the civil rights claim must be preceded by a favorable outcome in a habeas corpus or similar proceeding. Absent a favorable result in a habeas or similar challenge, the plaintiff may not use 42 U.S.C. § 1983 to attack a conviction, even indirectly, if a victory in the § 1983 action could cast doubt on the validity or continued duration of the plaintiff's confinement.

The plaintiff did not begin this litigation until March 12, 2004. Unless Neb. Rev. Stat. § 25-213 and Heck tolled the four-year statute of limitations from 1993-94, when the defendants acted, through March 12, 2000, the fourth year before the plaintiff filed suit in this court, the plaintiff's claims are barred as untimely.

However, once a prisoner has been released from custody after fully serving his sentence for the applicable conviction, Heck no longer bars a § 1983 claim, even if success on the merits of the § 1983 claim could cast doubt on the validity of the conviction for which the sentence has been fully served. "Heck's requirement to resort to state litigation and federal habeas before § 1983 is not, however, implicated by a prisoner's challenge **that threatens no consequence for his conviction or the duration of his sentence**." Muhammad v. Close, 540 U.S. 749, 751 (2004) (emphasis added).

Therefore, the plaintiff's reliance on Heck v. Humphrey, 512 U.S. 477 (1994), is misplaced. The plaintiff served only a 90-day sentence for the revocation of his probation. Even counting the period of "custody" under a detainer prior to his 90-day confinement, the plaintiff's imprisonment on the sexual assault and revocation convictions ended many years before March of 2000. The plaintiff has been in prison since 1994 on a separate

conviction for first degree sexual assault, for which he received a sentence of 10 to 30 years. However, once the plaintiff's sentence for the 1992 conviction and related revocation of probation had been wholly served and had expired, imprisonment for a separate conviction had no effect under Heck on the plaintiff's ability to bring the § 1983 claims he asserts in this case. For the foregoing reasons, the plaintiff's claims against Deputy Sheriffs Montgomery and Christner are barred, and those defendants will be dismissed from this litigation. Filing no. 148 will be granted.

THEREFORE, IT IS ORDERED:

1. That filing no. 144, the Motion to Alter or Amend Judgment / Motion for Reconsideration or Motion for Authorization to File a Second Amended Complaint filed by the plaintiff, Arven Malcom, Jr., is denied;

2. That the plaintiff's Fourteenth Cause of Action, "Invasion of Privacy, Section 1983" is dismissed;

3. That filing no. 148, the Second Motion for Summary Judgment / Motion for Judgment on the Pleadings filed by defendants-Dawson County Deputy Sheriffs Mark Montgomery and Bradley Christner, is granted, and defendants-Mark Montgomery and Bradley Christner are dismissed from this litigation;

4. That filing nos. 158 and 165, the Motions for Protective Order filed by defendants-Montgomery and Christner, are denied as moot;

5. That filing no. 171, the plaintiff's Motion to Strike Amended Answer of defendants-Wooldridge, Dallman and White is denied;

6. That filing no. 179, the plaintiff's Motion to Stay, is denied;

7. That filing no. 182, the plaintiff's Motion for Hearing on Motion to Strike, is

denied; and

8. That the plaintiff's claims under federal and state law against defendants-Reg Dallman, Colleen J. White, and Charles A. Wooldridge, in their individual capacity, shall proceed, and Magistrate Judge F. A. Gossett shall enter an appropriate progression order.

DATED this 14th day of February, 2006.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge